## LOGAN v. CLOSE.

Ohio Appeals, 9th Dist., Summit Co.

No. 1489. Decided June 22, 1928.

**First Publication of This Opinion**

Syllabus by Editorial Staff.

**798. MUNICIPAL COURT—681. Jurisdiction.**
Municipal Court of Akron, has jurisdiction in action to recover damages for assault and battery.

Error to Common Pleas.

Judgment affirmed.

Daniel F. McGowan, for Logan.
Sheck, Stevens & Hargreaves, Akron, for Close.

### FULL TEXT.

PER CURIAM:
This action originated in the Municipal Court of Akron, where Raymond Close recovered a judgment against Howard E. Logan for damages for assault and battery committed by Howard E. Logan upon Raymond Close.

A petition in error was filed in the Common Pleas Court and that court affirmed said judgment; and the case is now before this court upon a petition in error filed by Howard E. Logan, in which he claims that said judgment of the Municipal Court should be reversed because that court was without jurisdiction of an action to recover damages for an assault and battery.

We have considered the statute creating said Municipal Court, and the other statutes referred to in the briefs, which it is claimed have a bearing upon the question of the court's jurisdiction, and we have reached the conclusion that under the laws of the State of Ohio, the Municipal Court of Akron has jurisdiction in an action to recover damages for assault and battery.

It is also claimed that said Municipal Court erred in its rulings on the admission and rejection of evidence.

We have examined the bill of exceptions with particular reference to the parts thereof that are referred to in the brief of plaintiff in error, and we find that the record does not disclose any prejudicial error in reference thereto.

Finding no prejudicial error in the record, the judgment of the Common Pleas Court affirming the judgment of the Municipal Court, is affirmed, and the cause is remanded to the Municipal Court for execution.

(Washburn, PJ., Funk, J., and Pardee, J., concur.)